UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

April 24, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

| | | |
|---|---|---|
| WALTER FISK,<br>TDCJ No. 02031957, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | CIVIL NO. SA-22-CA-0262-OLG |
| BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § <br> § <br> § <br> § | |
| Respondent. | § <br> § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Walter Fisk's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). In the § 2254 petition, Petitioner challenges the constitutionality of his 2015 state court convictions for indecency with a child by contact, arguing, among other things, that his conviction violated double jeopardy principles and that he was denied the right to effective assistance of counsel. Also before the Court are Respondent Bobby Lumpkin's Answer (ECF No. 9) and Petitioner's Reply (ECF No. 12) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. Background

In September 2015, a Bexar County jury convicted Petitioner of three counts of indecency with a child by sexual contact. (ECF No. 10-6 at 46-47). After a separate punishment hearing, the trial court determined that Petitioner's previous military court-martial convictions

were substantially similar to elements of Texas's law against indecency with a child (Tex. Penal Code § 21.11) and sentenced Petitioner to three consecutive life sentences as a habitual offender. *State v. Fisk*, No. 2014CR3772 (227th Dist. Ct., Bexar Cnty., Tex. Oct. 21, 2015); (ECF Nos. 10-1 at 123-24, 134-37; 10-7 at 43).

On appeal, the Texas Fourth Court of Appeals affirmed the trial court's judgments to the extent they adjudicated Petitioner's guilt, but found that the trial court erred at the punishment phase by finding that Petitioner's prior court-martialed convictions were substantially similar to the Texas indecency-with-a-child offense. *Fisk v. State*, 510 S.W.3d 165 (Tex. App.—San Antonio, Nov. 16, 2016); (ECF No. 10-14). The court reversed the trial court's judgments as to Petitioner's punishment and remanded the case for a new sentencing hearing. *Id.*

On March 10, 2017, the trial court resentenced Petitioner to life imprisonment for each count, to be served consecutively. (ECF No. 10-23). This time, the court determined that Petitioner's previous military court-martial convictions were substantially similar to elements of a different Texas law—Texas's sexual assault statute (Tex. Penal Code § 22.011)—before sentencing Petitioner as a habitual offender. *Id.* at 36. Petitioner appealed, and the Texas Fourth Court of Appeals again reversed the trial court's sentence and remanded for another punishment hearing. *Fisk v. State*, 538 S.W.3d 763 (Tex. App.—San Antonio, Dec. 6, 2017); (ECF No. 10-32). Petitioner's victory was short-lived, however, as the Texas Court of Criminal Appeals granted the State's petition for discretionary review and reversed the judgment of the appellate court.[1] *Fisk v. State*, 574 S.W.3d 917 (Tex. Crim. App. June 5, 2019); (ECF No. 10-47).

Following the conclusion of his direct appeal proceedings, Petitioner challenged the constitutionality of his convictions by filing an application for state habeas corpus relief on June

---

[1]    In affirming the trial court's sentence, the Texas Court of Criminal Appeals agreed with the trial court that the military statute prohibiting sodomy with a child (Article 125 of the Uniform Code of Military Justice) was substantially similar to Texas's sexual assault statute (Tex. Penal Code § 22.011). *Fisk*, 574 S.W.3d at 920-23.

3, 2020. *Ex parte Fisk*, No. 83,150-05 (Tex. Crim. App.); (ECF No. 10-68 at 4-43). The Texas Court of Criminal Appeals ultimately denied the application without written order on February 16, 2022, based, in part, on the findings of the trial court. (ECF No. 10-69). Thereafter, Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on March 14, 2022. (ECF No. 1 at 15).

## II. **Petitioner's Allegations**

Petitioner set forth the following claims for relief in the § 2254 petition:

(1)    The State's use of his military conviction for enhancement purposes violated his constitutional rights;

(2)    The cumulation of his sentences violated both Texas and federal law;

(3)    His trial counsel rendered ineffective assistance by failing to contact him following appointment or represent him on direct appeal in violation of Art. 26.04(j) of the Texas Code of Criminal Procedure;

(4)    Trial counsel rendered ineffective assistance by failing to conduct an adequate pretrial investigation or present witnesses for the defense;

(5)    Trial counsel failed to impeach a juror during voir dire that resulted in a violation of his Sixth Amendment right to a speedy trial and an impartial jury;

(6)    Trial counsel failed to challenge the veracity of the complainant's testimony;

(7)    Trial counsel failed to object to disparaging comments made by the prosecution during closing arguments;

(8)    Trial counsel failed to object to the trial court's instruction to the jury to consider the greater offense of sexual assault;

(9)    Trial counsel failed to object to the cumulation of his sentences;

(10)   Trial counsel failed to object to Petitioner being deprived of the right to allocution prior to sentencing; and

(11)   Trial counsel failed to uphold his oath of office to preserve, protect, and defend the Constitution of the United States.

### III. <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas

relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## IV. <u>Analysis</u>

### A.    <u>Procedural Default</u> (Claims 1, 2)

In Petitioner's first claim for relief, he argues that his constitutional rights were violated by the State's use of his prior military conviction to enhance his sentence. In his second claim for relief, he contends that the imposition of three consecutive life sentences violated both Texas and federal law. Petitioner raised both of these allegations during his state habeas proceedings. (ECF No. 10-68 at 9-11). In rejecting these allegations, the state habeas trial court, citing *Ex parte Townsend*, 137 S.W.3d 79, 81-82 (Tex. Crim. App. 2004), found both claims procedurally barred because Petitioner could have raised them on direct appeal. *Id.* at 88. The Texas Court of Criminal Appeals later adopted the state habeas trial court's findings and denied Petitioner's application. (ECF No. 10-69). Based on this procedural history, Respondent contends Petitioner's allegations are subject to denial by this Court as procedurally defaulted. Respondent is correct.

Procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal. *Davila v. Davis*, 582 U.S. 521, 527 (2017); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). The "independent" and "adequate" requirements are satisfied where the state court

5

clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citing *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)). This doctrine ensures that federal courts give proper respect to state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

In this case, the state habeas trial court's finding of procedural default constitutes "an adequate and independent state procedural rule" that bars federal habeas review. *Davila*, 582 U.S. at 527. The state court determined Petitioner's allegations to be procedurally defaulted under *Ex parte Townsend*, 137 S.W.3d at 81, a case which relies on *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998). This rule from *Gardner*—which bars consideration of claims that could have been but were not raised on direct appeal— has repeatedly been held by the Fifth Circuit to constitute "an adequate state ground capable of barring federal habeas review." *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (citing *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)).

Consequently, Petitioner is precluded from federal habeas review unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51; *Busby*, 359 F.3d at 718. Petitioner does not make either showing. Thus, circuit precedent compels the denial of Petitioner's first and second claims as procedurally defaulted.

**B.** **Trial Counsel (Claims 3-11)**

The remainder of Petitioner's claims for relief allege he was denied the right to effective assistance of counsel by his attorney at trial, Jesse Hernandez. Each of these allegations were raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal

6

Appeals.  As discussed below, Petitioner fails to demonstrate the state court's rejection of the allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

      1.     The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense.  466 U.S. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards.  *Strickland,* 466 U.S. at 687-89.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Under this prong, the "likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112.  A habeas petitioner has the burden of proving both prongs of the *Strickland* test.  *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1).  *See Gregory v. Thaler,*

601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

      2.   <u>Timely Representation</u> (Claim 3)

Petitioner's first IATC claim alleges that his appointed attorney, Jesse Hernandez, did not contact him until 33 days after his appointment in violation of Art. 26.04(j) of the Texas Code of Criminal Procedure.[2] Petitioner also claims that counsel failed to prepare a direct appeal brief for him in violation of the same statute. Petitioner raised these allegations during his state habeas proceedings. (ECF No. 10-68 at 13). In response, trial counsel submitted an affidavit wherein he addressed Petitioner's allegation:

> I am assuming this should read that Counsel failed to meet with [Petitioner], however, Counsel did everything possible to meet with [Petitioner] as quickly as possible after being appointed to discuss all aspects of [Petitioner]'s case including charges, defenses, prior offenses, potential punishments, and potential witnesses among other things. Counsel did not remain counsel during the appellate process. Different appellate counsel was appointed.

---

[2]    Article 26.04(j) of the Texas Code of Criminal Procedure states "An attorney appointed under this article shall:

(1) make every reasonable effort to contact the defendant not later than the end of the first working day after the date on which the attorney is appointed and to interview the defendant as soon as practicable after the attorney is appointed; [and]

(2) represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record."

*Id.* at 92.

The state habeas trial court found trial counsel's affidavit to be credible and concluded that, even assuming Petitioner has established that counsel performed deficiently, he failed "to show that there is a reasonable probability that the result of the proceeding would have been different." *Id.* at 90 (citing *Strickland*, 466 U.S. at 694). These findings and conclusions were adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas application. (ECF No. 10-69). These determinations, including the trial court's credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Here, Petitioner presents no clear and convincing evidence or persuasive argument to rebut the state courts' credibility determination. Trial counsel's affidavit—adopted by the state habeas court and ultimately by the Texas Court of Criminal Appeals—contradicted Petitioner's allegations that counsel did not meet with him as soon as practicable following his appointment.[3] Moreover, Petitioner provides no argument explaining how counsel's delay in meeting with him, if any, somehow prejudiced his defense. Thus, Petitioner's conclusory arguments do not demonstrate that state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Relief is therefore denied.

3.   Failure to Investigate (Claim 4)

Petitioner next contends that counsel "failed to do any pretrial investigations." (ECF No. 1 at 27). According to Petitioner, counsel failed to interview defense witnesses, call any

---

[3] Trial counsel's affidavit also contradicted Petitioner's allegation that counsel violated Art. 26.04(j) by not filing an appellate brief on his behalf. Indeed, the record indicates that Petitioner was successfully represented by different counsel during his direct appeal proceedings. (ECF Nos. 10-27, 10-39).

witnesses at trial, or subpoena various records, including medical records, truck driver logs, or text messages from two unspecified state witnesses. Similar to his previous allegations, Petitioner raised this claim during his state habeas proceedings. Petitioner again fails to show that the state court's rejection of the allegation was unreasonable.

*Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). But in assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691. To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

In this case, the state habeas court's implied factual finding that counsel's investigation was adequate has not been rebutted with clear and convincing evidence. In fact, Petitioner has not alleged with any specificity what further investigation would have revealed or how it would have altered the outcome of the trial. *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011). Moreover, Petitioner has not named any witness counsel allegedly failed to contact, demonstrated that the witness was available to testify, or shown how the witness's proposed testimony would have been favorable to the defense. *See Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010); *Day*, 566 F.3d at 538. As a result, Petitioner has not shown counsel's

performance was deficient or prejudicial, much less that the state court's denial of this claim was an unreasonable application of *Strickland*. Relief is denied.

    4.    <u>Biased Juror/Speedy Trial</u> (Claim 5)

In his next allegation, Petitioner contends that his Sixth Amendment right to a speedy trial and an impartial jury was violated when counsel failed to impeach a juror during voir dire that admitted to being the victim of child abuse. Petitioner does not state the name of the juror or provide any argument as to how this juror's background would prevent them from rendering an impartial verdict. Nor does Petitioner explain how counsel's alleged failure resulted in a speedy trial violation.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).

Petitioner's allegation is conclusory, speculative, and unsupported by any evidence or facts. But "absent evidence in the record," this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). Thus, Petitioner's claim is denied. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

5.    <u>Cross-Examination</u> (Claim 6)

Next, Petitioner faults counsel for failing to adequately cross-examine one of the complainants, S.W., during her testimony. Petitioner believes counsel should have challenged the veracity of her testimony after she repeatedly testified that Petitioner only pushed on her bladder and did not touch her vagina. Petitioner unsuccessfully raised this allegation during his state habeas proceedings. As discussed below, he fails to demonstrate the state court's rejection of the claim was either contrary to, or an unreasonable application of, *Strickland*.

To start, Petitioner chastises counsel's performance during cross-examination but fails to provide any specific argument or line of questioning that counsel should have undertaken. For this reason alone, Petitioner's conclusory and speculative allegation is unworthy of federal habeas relief. *See Demik*, 489 F.3d at 646 ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller*, 200 F.3d at 282).

Nevertheless, a thorough review of the trial transcript indicates that counsel had no reason to further cross-examine the ten-year-old witness. (ECF No. 10-5 at 55-68). During her direct testimony, S.W. stated several times that Petitioner never touched her vagina, only her bladder. *Id.* at 59-64. As this was favorable to Petitioner's case, it was imminently reasonable for counsel not to question her credibility on cross-examination. Decisions regarding cross-examination are strategic and usually "will not support an ineffective assistance claim." *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted). Indeed, "[s]peculating about the effect of tinkering with the cross-examination questions is exactly the sort of hindsight that *Strickland* warns against." *See Castillo v. Stephens*, 640 Fed. App'x 283, 292 (5th Cir. 2016) (unpublished) (citing *Strickland*, 466 U.S. at 689). As such, Petitioner has not shown counsel's performance was deficient or that the state court's denial of this claim was unreasonable.

12

6.     Closing Argument (Claim 7)

During the State's closing argument, the prosecutor was commenting on the credibility of one of the State's witnesses. During the discussion, she stated:

> It's easy to say well maybe there was a mistake. You guys aren't [Petitioner]'s family. You don't have to give him that benefit like [the complainant's parents] did. Why else is a grown man sitting with a four year old between his legs rubbing her vagina?

(ECF No. 10-6 at 40). Petitioner now contends that counsel was ineffective for not objecting to this statement. According to Petitioner, the prosecutor was improperly speculating that his *mens rea* for committing the offense was based on Petitioner "being a male." (ECF No. 1 at 29).

Decisions to object or not object during closing argument are matters of trial strategy that are presumed reasonable under *Strickland*. *Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992). Petitioner has made no attempt to show that counsel's strategic decision was unreasonable. *See Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2011) (holding the failure to present a particular line of argument is presumed to be the result of strategic choice). Moreover, in order to prevail on his claim, Petitioner must show that, but for counsel's failure to object to the State's closing argument, there is a reasonable probability that the result of the trial would have been different. Again, Petitioner makes no such argument. Nor does Petitioner establish that, had counsel raised the objection, the objection would have been granted or the denial would have constituted reversible error. As such, Petitioner's conclusory and speculative allegation does not warrant federal habeas relief. *Demik*, 489 F.3d at 646.

7.     Trial Court's Instruction (Claim 8)

Petitioner next contends that trial counsel provided ineffective assistance by failing to object to an improper jury instruction. Specifically, Petitioner faults counsel for not objecting to an instruction on considering evidence of an extraneous sexual assault offense despite the fact

that he was only charged with indecency with a child by sexual contact. This allegation was rejected by the Texas Court of Criminal Appeals during Petitioner's state habeas proceedings. Petitioner fails to demonstrate the state court's rejection was unreasonable.

To start, Petitioner again fails to provide any argument or case law demonstrating that he was prejudiced by counsel's failure to object. For this reason alone, Petitioner's conclusory and speculative allegation is unworthy of federal habeas relief. *See Demik*, 489 F.3d at 646 ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller*, 200 F.3d at 282).

Regardless, any argument that counsel rendered ineffective assistance by failing to object to the instruction would likely be unpersuasive.[4]   Petitioner believes counsel should have objected to the jury instruction regarding evidence of a separate sexual assault offense as inadmissible under Rule 403 of the Texas Rules of Evidence because it was irrelevant. As explained by the trial court, however, the instruction was included so that the jury only considered such evidence to the extent it showed Petitioner's "scheme or motive or something like that." (ECF No. 10-6 at 3). Not only is this relevant under Rule 403 (*see* ECF No. 10-14 at 6-12), it is also consistent with Rule 404(b), which allows evidence of extraneous offenses to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Tex. R. Evid. 404(b) (West 2015). The instruction is also consistent with

---

[4]   The jury instruction in question read as follows:

You are instructed that if there is any testimony before you in this case regarding evidence of a separate offense of sexual assault of a child committed by the defendant against a child who is not the complainant in this case, and if you find and believe beyond a reasonable doubt that the defendant committed such other offense, if any was committed, you may consider the same in determining what bearing such evidence has, if it does, on relevant matters in this case, including the character of the defendant and acts performed in conformity with the character of the defendant.

(ECF Nos. 10-1 at 93; 10-6 at 6-7).

Article 38.37, § 2(b) of the Texas Code of Criminal Procedure, which allows evidence of extraneous acts to be admitted to establish the character of the defendant and "acts performed in conformity with [that] character." *See Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App. 1999) (finding "[t]he special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts.").

For this reason, counsel cannot reasonably be faulted for failing to object to an instruction that was proper under Texas law. *See Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (counsel not ineffective for failing to lodge what would likely have been a futile objection). Thus, viewing the allegation under the "doubly" deferential review encompassed by *Strickland* and the AEDPA, Petitioner's claim must fail. *See Richter*, 562 U.S at 105.

8.    <u>Cumulation of Sentences</u> (Claim 9)

In his ninth allegation, Petitioner contends his trial counsel should have objected to being sentenced to consecutive life sentences. According to Petitioner, because his three separate charges were tried together under Section 3.02 of the Texas Penal Code, he should have only been sentenced to one life sentence instead of three consecutive life sentences. However, the Texas Penal Code explicitly creates an exception to allow consecutive sentences for convictions for indecency with a child even if those convictions arise out of the same criminal episode and were tried in a single criminal action. *See* Tex. Penal Code § 3.03(b)(2). As such, any objection by counsel would likely have been futile. *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance"). Petitioner therefore fails to demonstrate that the state court's rejection of this allegation was objectively unreasonable or that he is entitled to relief on his IATC claim. Relief is denied.

9.    <u>Allocution</u> (Claim 10)

In his tenth allegation, Petitioner argues counsel was ineffective for failing to object when he was not allowed the right of allocution prior to being sentenced.  According to Petitioner, he had requested that counsel allow him to speak but was denied the chance to do so.  However, Petitioner provides only his self-serving, conclusion assertion that he was denied the right to speak by counsel, which is insufficient to support a claim of ineffective assistance of counsel. *Miller*, 200 F.3d at 282.

Furthermore, trial counsel cannot reasonably be faulted for failing to raise what clearly would be a futile objection.  *See Miller*, 714 F.3d at 904 n.6 (counsel is not required to make futile motions or objections); *Ward*, 420 F.3d at 498 (counsel not ineffective for failing to lodge what would likely have been a futile objection).  The right of allocution is neither constitutional nor jurisdictional, thus its denial presents no cognizable federal habeas issue.  *United States v. Reyna*, 358 F.3d 344, 349 (5th Cir. 2004) ("[T]he right of allocution is deeply rooted in our legal tradition and an important, highly respected right; nonetheless it is neither constitutional nor jurisdictional.").  And while the failure to allow a defendant to speak before sentencing may, in some situations, be a violation of Texas law, Petitioner fails to make this showing.  *See* Tex. Code Crim. Proc. art. 42.07 (stating the only reasons to prevent the pronouncement of a sentence are the existence of a pardon, incompetency, and misidentification following an escape from prison).

Consequently, when viewed through AEDPA's deferential lens, Petitioner fails to show that counsel's performance was deficient or prejudicial that the state court's denial of this claim was an unreasonable application of *Strickland*.  Relief is denied.

16

10.   <u>Cumulative Error</u> (Claim 11)

In his last IATC claim, Petitioner asserts that counsel failed to uphold his oath of office to "preserve, protect, and defend the laws and Constitution of the United States." (ECF No. 1 at 29). Specifically, citing the numerous alleged errors discussed above, Petitioner believes that counsel failed to protect his constitutional rights.

Petitioner raised this claim in his state habeas action and relief was denied. The state court's denial of relief was not clearly contrary to federal law because the United States Supreme Court has never squarely held that errors that do not individually provide a basis for habeas relief can provide a basis for relief if cumulated. *See Derden v. McNeel*, 978 F.2d 1453, 1456 (5th Cir. 1992) ("That the constitutionality of a state criminal trial can be compromised by a series of events none of which individually violated a defendant's constitutional rights seems a difficult theoretical proposition and is one to which the Supreme Court has not directly spoken."). The Fifth Circuit Court of Appeals has held:

> [F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of *constitutional dimension* rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors "so infected the entire trial that the resulting conviction violates due process."

*Id.* at 1454 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Because none of the errors alleged by Petitioner constituted a violation of his right to the effective assistance of counsel, the "cumulation" of these errors does not provide a basis for relief. *Coble v. Quarterman*, 496 F.3d 430, 440 (5th Cir. 2007); *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997). Federal habeas corpus relief is therefore unwarranted.

## V. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set

18

forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## VI. **Conclusion and Order**

After careful consideration, the Court concludes that Petitioner's first two claims are procedurally barred from federal habeas review.  Concerning the remainder of Petitioner's IATC allegations, Petitioner has failed to establish that the state court's rejection of the allegations on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings.  As a result, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Walter Fisk's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED** this the _____ day of April, 2024.

_____
**ORLANDO L. GARCIA**
**United States District Judge**